MELVILLE S. NICHOLS vs. GEORGE C. HOWE.

April 24, 1890.

**Parol Evidence of Contents of Telegram.** — Refusal to strike out oral evidence of contents of telegram, not shown to be lost or destroyed, *held* error.

Plaintiff brought this action in the district court for St. Louis county, on March 30, 1889, alleging, in his amended complaint, that as a commission merchant in Chicago, he sold for defendant, at his request, 20,000 bushels of wheat at $1.28⅝ per bushel, on May 1, 1882, and bought for him, at his request, 20,000 bushels of wheat, at $1.35 per bushel, on May 26, 1883, and that the defendant promised to pay the amount expended by plaintiff for the purchase in excess of the amount realized upon the sale, being $1,275, for which sum, with interest from May 26, 1883, judgment is demanded. The defence was a general denial and the statute of limitations. At the trial before *Stearns*, J., it appeared that the sale was of "July wheat" —that is, of wheat deliverable in July, and was made by plaintiff, in his own name, at the Chicago board of trade, of which plaintiff was a member. The plaintiff, as a witness on his own behalf, having testified that the contract of sale was made by defendant's order, (giving the terms of the order,) was then asked, "Was that order by mail, or by telegram, or in person?" and answered, "It was by telegram." The defendant moved to strike out the answer on the ground that the telegram itself is the best evidence. The motion was denied, and an exception taken. There was also evidence that in June or July, 1882, the defendant (who then and until 1887, resided in Bradford, Pa.,) ratified the sale, and that the contract of sale by plaintiff in his own name was in accordance with the custom at the board of trade, and bound plaintiff personally to its performance. There was also evidence that the contracts for delivery of wheat in July, 1882, that were not fulfilled by specific delivery of the property, were referred, under the rules of the board, to a committee of five to determine the measure of damages by reason of the default on delivery, and that in October, 1882, the committee computed the dam-

ages on the basis of $1.35 per bushel, and that the plaintiff by defendant's direction, paid the damages computed on this basis, being $1,275, the amount claimed in the complaint. The defendant's contention was that the transaction was not a *bona fide* sale of wheat to be actually delivered in July, 1882, but was a mere gambling deal, without any intention to deliver or receive the grain, but merely to pay and receive the difference between the contract price and the market price at the time for delivery, and the jury was instructed that in such case the plaintiff could not recover, if such intention were shared by both parties; but if the plaintiff supposed that he was to sell, and in good faith did sell, wheat to be actually delivered, and with no intention of gambling, a recovery would not be defeated by the mere fact that the defendant intended it to be a gambling transaction. The plaintiff had a verdict for the full amount claimed, and the defendant appeals from an order refusing a new trial.

*White & Reynolds,* for appellant.

*C. H. Hamilton* and *L. H. Zastrow,* for respondent.

GILFILLAN, C. J. Whether the plaintiff was employed by defendant to sell the wheat deliverable in July, 1882, and whether it was intended between them to be an actual, *bona fide* contract for the sale of the wheat, or a mere gambling upon a rise or fall in the price of wheat during July, were, on the evidence, questions for the jury; and they were fairly left to them by the court. On the evidence, it is immaterial that the cause of action arose immediately on the default to deliver the wheat in July, 1882, or only the following year, when plaintiff settled with the purchasers; for in neither case did the statute of limitations bar the action. The defendant, at the commencement of the action, had resided in this state but about two years; and it does not appear that the cause of action was barred in the state where it arose. Assuming the sale to have been *bona fide*, the damages for its breach were to be measured by the price of wheat in July, 1882. The price in 1883 was immaterial. As the business was to be done at the board of trade in Chicago, it was, there being no express agreement to the contrary, to be done subject to the usages and rules of that body,—among them, that providing for arbitrators to determine what was to be taken as the price

of wheat, during any period; in settling contracts for sale or purchase deliverable during such period.

As to all the foregoing matters the action of the court below was correct, but it committed an error in the matter of evidence. The fact of authority from defendant to plaintiff to sell the wheat was in issue, not only in the pleadings, but in the evidence. The error we refer to consisted in allowing to stand, against a motion to strike out, an answer of a witness giving, in effect, the contents of a telegram claimed to have been sent by defendant to plaintiff, containing an order to sell the wheat. The telegram was not produced, nor was it shown to have been lost or destroyed. The question answered did not indicate that the answer might give, in effect, the contents of the telegram; so that the defendant had no opportunity to make the objection until the question was answered. For this reason there must be a new trial.

Order reversed.